J-S06012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM E. NEAL | : | |
| | : | |
| Appellant | : | No. 1316 EDA 2019 |

Appeal from the PCRA Order Entered April 24, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0929151-1993

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                           **FILED MARCH 03, 2020**

William E. Neal appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his sixth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After our review of the record, the briefs, and the applicable case law, we agree with the PCRA court's determination that Neal's petition is untimely and he has failed to allege an exception to the jurisdictional time bar.  We, therefore, affirm.

On July 29, 1994, following a bench trial before the Honorable James A. Lineberger, Neal was convicted of second-degree murder,[1] robbery[2] and

---

[1] 18 Pa.C.S.A. § 2502(b).

[2] 18 Pa.C.S.A. § 3701.

possession of an instrument of crime.[3] The court sentenced Neal to life imprisonment. On direct appeal, this Court affirmed the judgment of sentence in part and remanded for a determination as to whether trial counsel had provided effective assistance of counsel. *See Commonwealth v. Neal*, 688 A.2d 1229 (Pa. Super. 1996). On remand, the trial court determined that Neal was not entitled to relief. On appeal, this Court affirmed Neal's judgment of sentence and the Supreme Court denied allowance of appeal on November 6, 1998. *See Commonwealth v. Neal*, 724 A.2d 958 (Pa. Super. 1998), *appeal denied*, 732 A.2d 614 (Pa. 1998). Neal did not seek review in the United States Supreme Court.

Neal filed the instant petition, his sixth, on November 27, 2017. The PCRA court notified Neal of its intent to dismiss pursuant to Pa.R.Crim.P. 907 and, on April 24, 2019, the court dismissed Neal's petition as untimely. This timely appeal followed. Neal raises the following issues for our review:

1. Whether Appellant has a constitutional right to challenge the Commonwealth's withholding of favorable evidence from the accused, where the evidence is material to a finding of not guilty and/or creates a lesser punishments/sentence?

2. Should the court have viewed the totality of all the violations shown, and declared that a miscarriage of justice did occur, and should have held a hearing to address the matter on the and for the record, while sitting as a fair, honest, equal, moral, objective factfinder?

---

[3] 18 Pa.C.S.A. § 907.

3. Will a state criminal statute violate the Due Process Clause of the Fourteenth Amendment when it fails to meet the standards of Due Process under the U.S. Constitution?

4. Concerning the charged statute, 18 Pa.C.S. § 2502(a), (b), (c), does the law give fair notice to those persons potentially subject to it and the punishment that will occur for its violation?

5. Does the law, 18 Pa.C.S. § 2502(a),(b), (c), adequately guard against arbitrary and discriminatory enforcement, where a person can be sentenced under the statute, where the statute does not reveal a punishment?

6. Does the law provide sufficient breath space for First Amendment rights to challenge a statute that violates the Void for Vagueness doctrine?

7. Whether a true void judgment, a legal nullity, can be challenged at any time, given that laches and similar finality principles generally have no effect on void judgment; where the court have held the mere passage of time will not convert a void judgment in to a proper one?

Appellant's Brief, at 2 (unnecessary capitalization and punctuation omitted).

Neal's judgment of sentence became final on February 6, 1999, the date on which the 90-day period for seeking a writ of certiorari in the United States Supreme Court expired. **See** U.S. Sup.Ct.R. 13; **see also** 42 Pa.C.S.A § 9545(b)(3) (judgment becomes final at conclusion of direct review, including discretionary review in Supreme Court of United States and Supreme Court of Pennsylvania, or at expiration of time for seeking review). Neal had one year from that date, until February 6, 2000, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b). The instant petition was filed more than seventeen years after his judgment of sentence became final.

Neal's petition is patently untimely, and he has failed to plead and prove an exception to the jurisdictional time bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016) (PCRA time requirements are mandatory and jurisdictional in nature); **see also Commonwealth v. Gamboa–Taylor**, 753 A.2d 780, 783 (Pa. 2000) ("[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought,[4] the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims."). We agree with the sound reasoning of the Honorable Genece E. Brinkley's opinion, and we rely on that opinion to affirm the court's order. **See** PCRA Court Opinion, 6/20/19, at 3-5. We direct the parties to attach a copy of that opinion in the event of further proceedings.

Order affirmed.

---

[4] On October 24, 2018, the General Assembly amended section 9545(b)(2), extending the time for filing a petition from 60 days to one year from the date the claim could have been presented. Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days [Dec. 24, 2018] provides that the amendment of subsection (b)(2) by that Act shall apply to claims arising on December 24, 2017 or thereafter.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/3/20

COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

v.

WILLIAM NEAL

CP-51-CR-0929151-1993
1316 EDA 2019

OPINION

GENECE E. BRINKLEY, J.

Date: June 20, 2019

This appeal comes before the Superior Court following the dismissal of a Post Conviction Relief Act ("PCRA")[1] petition filed on November 27, 2017. On April 24, 2019, this Court dismissed the PCRA petition for the reasons set forth below.

## I. PROCEDURAL HISTORY

William Neal (hereinafter referred to as "Petitioner") was arrested and subsequently charged in connection with the 1992 robbery and fatal shooting of Darnell Cherry in Southwest Philadelphia. On July 29, 1994, following a non-jury trial before the Honorable James A. Lineberger, Petitioner was convicted of second-degree murder, robbery, and possession of an instrument of crime. Petitioner was sentenced to an aggregate term of life imprisonment. On direct appeal, the Superior Court affirmed the judgment of sentence in part and remanded for a determination as to whether counsel provided effective assistance.[2] On remand, the trial court determined that Petitioner was not entitled to relief. The Superior Court affirmed and the Pennsylvania Supreme Court denied allowance of appeal on November 6, 1998.[3]

---

[1] 42 Pa. Cons. Stat. §§ 9541-9546.
[2] *Commonwealth v. Neal*, 688 A.2d 1229 (Pa. Super. 1996).
[3] *Commonwealth v. Neal*, 724 A.2d 958 (Pa. Super. 1998), *appeal denied*, 732 A.2d 614 (Pa. 1998).

1

On July 28, 1999, Petitioner filed his first *pro se* PCRA petition. Counsel was appointed and submitted an amended petition. The PCRA court subsequently denied his petition. The Superior Court affirmed and the Pennsylvania Supreme Court denied allowance of appeal.[4]

Petitioner was subsequently unsuccessful in obtaining collateral relief through serial petitions filed in 2004, 2006, 2009, and 2015.

On November 27, 2017, Petitioner filed the instant *pro se* PCRA petition, his sixth. Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served notice of this Court's intention to dismiss his petition on February 27, 2019. Petitioner submitted a response to the Rule 907 notice on March 11, 2019. On April 24, 2019, this Court dismissed his petition as untimely without exception. On May 1, 2019, the instant notice of appeal was timely filed to the Superior Court.

## II. DISCUSSION

Petitioner's instant PCRA petition raising various claims including a *Brady*[5] violation and ineffective assistance of counsel was untimely filed and none of the exceptions to the time-bar are applicable. The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Petitioner's judgment of sentence became final for PCRA purposes on February 6, 1999, ninety days after the Pennsylvania Supreme Court denied *allocatur* and the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See id.*; U.S. Sup. Ct. R. 13. Petitioner's instant

---

[4] *Commonwealth v. Neal*, 841 A.2d 576 (Pa. Super. 2003), *appeal denied*, 847 A.2d 1282 (Pa. 2004).
[5] *Brady v. Maryland*, 83 S.Ct. 1194 (1963).

2

petition, filed on November 27, 2017 (including supplemental filings), was therefore manifestly untimely. *See* 42 Pa. Cons. Stat. § 9545(b)(1).

Despite the one-year deadline, the PCRA permits the late filing of a petition where a petitioner alleges and proves one of three narrow exceptions to the mandatory time-bar under 42 Pa. Cons. Stat. § 9545(b)(1)(i)-(iii). To invoke an exception, a petition must plead and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i)-(iii).

Despite referencing the statutory time-bar, Petitioner failed to meaningfully plead and prove any of its exceptions. Petitioner arguably attempted to invoke the governmental-interference exception, § 9545(b)(1)(i),[6] by advancing an alleged *Brady* violation. Specifically, Petitioner claimed that the prosecutor withheld evidence including items belonging to the victim and the weapon used in the commission of the crime. *See* PCRA petition, 11/27/17 at 41 (unpaginated). Petitioner failed, however, to provide any evidentiary support for this *Brady* claim. Furthermore, Petitioner failed to demonstrate that this claim was raised within the time mandated by 42 Pa. Cons. Stat. § 9545(b)(2). These omissions were fatal to Petitioner's attempt to satisfactorily invoke subsection 9545(b)(1)(i).

To the extent that Petitioner also attempted to invoke the newly-discovered fact exception, § 9545(b)(1)(ii),[7] based upon the purported malfeasance of counsel, it is well settled that claims of

---

[6] The "governmental interference" exception, § 9545(b)(1)(i) requires a petitioner to plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence. *Commonwealth v. Williams*, 105 A.3d 1234, 1240 (Pa. 2014) (citing *Commonwealth v. Abu–Jamal*, 941 A.2d 1263, 1268 (Pa. 2008)).

[7] The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence.

3

ineffective assistance of counsel do not constitute 'facts' for purposes of subsection 9545(b)(1)(ii). *See Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007) (stating generally that allegations of PCRA counsel's ineffectiveness do not invoke "new fact" exception to PCRA's time-bar); *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780 (Pa. 2000) (analyzing supposed newly discovered evidence claim and recognizing that it actually was a position that prior counsel was ineffective).

Finally, Petitioner claimed that the second-degree-murder statute, 18 Pa. Cons. Stat. § 2502(b),[8] is unconstitutionally vague because it does not prescribe a punishment. *See* PCRA petition, 11/27/17 at 15 (unpaginated). Preliminarily, Petitioner's void-for-vagueness claim is not cognizable under the PCRA. *See Commonwealth v. Rouse*, 191 A.3d 1, 7 (Pa. Super. 2018). Even if this Court were to construe his PCRA petition as seeking habeas corpus relief, Petitioner would not be entitled to relief. Specifically, Petitioner failed to challenge the constitutionality of section 2502(b) at sentencing or in a post-sentence motion. In fact, Petitioner did not even allege that he previously raised a void-for-vagueness claim. Thus, Petitioner waived this challenge as he failed to exhaust all available remedies before seeking relief.[9] *See id.* at 6 (finding void-for-vagueness claim is subject to waiver).

---

*Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

[8] "(b) Murder of the second degree.—A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony."

[9] Even if Petitioner had not waived this claim, he would still not be entitled to relief. Under the void-for-vagueness standard, a statute is unconstitutional if it is "so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application." *Commonwealth v. Davidson*, 938 A.2d 198, 207 (Pa. 2007). On the other hand, a statute will pass constitutional muster[ ] if it "define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Id.* (quoting *Kodender v. Lawson*, 461 U.S. 352, 357 (1983)). Here, although section 2502(b) is silent about the scope of punishment, for the entirety of Petitioner's sentence, separate statutes have unambiguously provided that a person convicted of second-degree murder shall be sentenced to a term of life imprisonment without parole. Specifically, 18 Pa. Cons. Stat. § 1102(b) plainly states that a person convicted of second-degree murder, "shall be sentenced to a term of life imprisonment." Additionally, 61 Pa. Cons. Stat. § 6137, and that section's predecessor, 61 P.S. § 331.21 (repealed) (Board may "release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to the board, except convicts condemned to death or serving life imprisonment[.]"), prohibited the parole of any prisoner sentenced to a term of life imprisonment. *See Poulson v. Pennsylvania Bd. of Prob. & Parole*, 20 A.3d 1178, 1182 (Pa. 2011). Moreover, the fact that parole eligibility has been codified in a separate statute is irrelevant, since both statutes read together put Petitioner on notice that the penalty for second-degree murder is life without parole. *See e.g. Commonwealth v. Bell*, 645 A.2d 211, 218 (Pa. 1994) (mandatory minimum statute for marijuana distribution was not unconstitutionally vague for failing to specify a maximum sentence since the maximum was implied when read together with other statutes).

## III.  CONCLUSION

This Court has evaluated a serial PCRA petition filed by Mr. Neal. Petitioner failed, however, to plead and prove an exception to the PCRA's timeliness provision. Additionally, even if Petitioner sought habeas corpus relief, his void-for-vagueness claim was waived. Accordingly, for the reasons stated herein, the decision of this Court dismissing his PCRA petition should be affirmed.

BY THE COURT:

_____
BRINKLEY, J.